UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VOLM COMPANIES INCORPORATED,

    Plaintiff,

v.                                          Case No. 06-C-1192

YAKIMA PACKAGING AUTOMATION INC,

    Defendant.

**ORDER**

      Plaintiff Volm Companies, Inc. ("Volm") is a Wisconsin corporation located in Antigo, Wisconsin, and is engaged in the business of designing, manufacturing and distributing bags, packaging and packaging equipment. On November 16, 2006, Volm filed this action against Yakima Packaging Automation, Inc. ("Yakima"), a Washington corporation located in Yakima, Washington, which is engaged in business related to the design and manufacture of equipment used to bale and palletize bagged potatoes. Volm's lawsuit grew out of a business relationship with Yakima that had gone sour. In November, 2001, Volm and Yakima entered into an exclusive distribution agreement under which Yakima agreed to distribute its balers exclusively through Volm. Volm alleges that there were initially significant problems with the construction and operation of the Yakima balers and the parties worked together to improve their design and operation. The parties thereafter sought to modify their agreement but their efforts broke down, and on January 24, 2003, Yakima sent a letter to Volm giving notice of termination of the distribution agreement. Notwithstanding the notice of termination, Volm continued to act as a dealer for

Yakima. According to Volm's complaint, the parties continued to work together to improve the design and operation of Yakima's baler until October, 2006, Volm learned that Yakima would no longer be selling any dealership products to Volm and was discouraging its licensees and suppliers from selling product to Volm. Volm thereafter instituted this lawsuit in which it asserts claims against Yakima for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Wisconsin Fair Dealership Law, misappropriation of Volm's innovations and proprietary information, unjust enrichment, promissory estoppel, and intentional interference with contractual relationship.

Yakima responded to Volm's lawsuit by filing a motion to dismiss or alternatively, to transfer the action to the State of Washington where Yakima had previously filed an action against Volm for patent infringement. Yakima claims in its lawsuit that Volm has infringed its patent for a method of high-speed baling used in agricultural processing. Yakima filed its complaint on November 1, 2006, roughly two weeks earlier than Volm's action was commenced. Noting that both actions revolve around the same business relationship between the companies and Yakima's patent, Yakima argues that the interests of judicial economy dictate that only one of the lawsuits proceed. Because it had filed its action first, Yakima argued that under the "first-filed rule", Volm's action should be either dismissed or transferred to the state of Washington for consolidation.

Yakima's motion has recently become fully briefed. In the meantime, the court has now been advised that the judge presiding in the action pending in the Eastern District of Washington has granted Volm's motion to transfer venue of that action to this court and denied Yakima's motion to enjoin Volm's litigation before this court as moot. Since the action pending in Washington was commenced first, it is appropriate that the Washington court decide the issue of where the case

2

Case 1:06-cv-01192-WCG    Filed 05/18/07    Page 2 of 3    Document 33

should proceed. *Kimberly-Clark Corp. v. McNeil-PC*, 260 F. Supp. 2d 738, 741 (E.D. Wis. 2003). The district court in Washington has concluded that the interests of judicial economy and convenience of the parties justify proceeding in this district. Based upon the submissions of the parties, this court is in agreement. It is clear from the complaint that Volm's lawsuit involves much more than simply the validity of Yakima's patent and any possible infringement thereof. It involves an entangled business relationship that lasted almost five years and that the parties at least initially agreed would be resolved under Wisconsin law. It is also clear that the majority of activities that form the basis of Volm's claims against Yakima occurred in Wisconsin or neighboring states. These facts alone warrant this court's retention of jurisdiction over the action commenced in this district. In any event, because the action pending in the Eastern District of Washington has now been transferred to this court, Yakima's motion to dismiss or, alternatively, transfer this case to that court is now moot.

Yakima's motion to dismiss or, in the alternative, transfer venue is therefore **DENIED**. The clerk shall set this matter for a Rule 16 telephone conference for further scheduling.

**SO ORDERED** this   18th   day of May, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
